IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANGELA MAUER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-2085-BN |
| | § | |
| WAL-MART STORES, INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Angela Mauer ("Mauer" or "Plaintiff") has filed a Motion to Remand. *See* Dkt. No. 12. For the reasons explained below, the Court determines that it has subject-matter jurisdiction over this case and DENIES Plaintiff's Motion to Remand [Dkt. No. 12].

### Background

Mauer filed this case against Defendants Wal-Mart Stores, Inc., Wal-Mart Stores East, Inc., d/b/a Wal-Mart #1055, and Wal-Mart Real Est Business (collectively, "Defendants") in Dallas County state court on June 6, 2016. *See* Dkt. Nos. 2-2 & 2-3.

Defendants filed an answer on July 14, 2016, *see* Dkt. No. 2-6, and then removed the case to this Court on July 19, 2016, *see* Dkt. No. 1.

After the parties consented to proceeded before the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(c) and United States District Judge Jane J. Boyle transferred the case on August 11, 2016, *see* Dkt. Nos. 7 & 8, the Court issued the following Electronic Order on August 15, 2016:

ELECTRONIC ORDER: Defendants' Notice of Removal 1 does not comply with 28 U.S.C. § 1446's requirements to include a short and plain statement of the grounds for removal, including a statement of the basis for the Court's jurisdiction over this action. See Heinsohn v. Carabin & Shaw, P.C., ___ F.3d ____, No. 15-50300, 2016 WL 4208185, at *3 (5th Cir. July 26, 2016) (explaining that a notice of removal must contain a short and plain statement describing the basis for subject matter jurisdiction); see also Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 553-54 (2014); Charter Sch. of Pine Grove, Inc. v. St. Helena Par. Sch. Bd., 417 F.3d 444, 447 (5th Cir. 2005). Defendants must file a supplement to their Notice of Removal correcting these deficiencies by August 29, 2016. (Ordered by Magistrate Judge David L. Horan on 8/15/2016.)

Dkt. No. 11.

Defendants' Notice of Removal, as filed on July 19, 2016, stated only: "Please take notice the civil action, in which you are the Plaintiff, brought on June 6, 2016, in the 95th Judicial District of Dallas County, Texas, styled *Angela Mauer v. Wal-Mart Stores, Inc, et al.*, Cause No. DC-16-06799, has been removed from that court to the United States District Court for the Northern District of Texas, Dallas Division, effective today, July 19, 2016. On this day, the Notice of Removal, was filed with the clerk of the United States District Court, and a copy of that Notice of Removal has been filed with the Clerk of the state court, effecting removal pursuant to 28 U.S.C. § 1446." Dkt. No. 1 at 1. Defendants also filed an Appendix in Support of Defendant's Notice of Removal, *see* Dkt. No. 2, which included a copy of Plaintiff's Original Petition filed in state court, *see* Dkt. No. 2-3. In that petition, Plaintiff states that she "seeks damages of more than $100,000.00 but less than $200,000.00." Dkt. No. 2-3 at 2.

Mauer then filed her Motion to Remand on August 22, 2016. *See* Dkt. No. 12. She contended that Defendants were served on July 6, 2016 and filed their Notice of

Removal on July 19, 2016 and that "[t]he Court may remand a case on the basis of any defect identified in a motion for remand filed within 30 days after the notice of removal under 28 U.S.C. § 1447(a), 28 U.S.C. § 1447(c)." *Id.* at 1. Mauer asserts that "[t]he court should remand this case to state court because the amount in the controversy is less than $75,000.00, excluding interest, costs, and attorney fees," where "[t]he amount in the controversy as plead in Plaintiff's First Amended Petition is only less than $75,000.00." *Id.* at 2. Mauer attached a copy of her First Amended Petition, which was apparently filed in state court on August 17, 2016 and asserts that "Plaintiff seeks damages of less than $75,000.00." *See* Dkt. No. 12, Ex. A at 1-2.

Defendants filed their Supplemental Notice of Removal on August 29, 2016. *See* Dkt. No. 14. Defendants explain that "Plaintiff commenced this lawsuit by filing its Original Petition on June 6, 2016"; that "Defendant was served with the Original Petition on or about July 6, 2016, through the registered agent for Defendant"; that "Defendants filed their Notice of Removal on July 19, 2016"; and that "Defendants' removal is timely because it is filed within thirty days after the Defendants were served via their registered agents," pursuant to 28 U.S.C. § 1446. *Id.* at 2.

Defendants allege that "[r]emoval is proper under 28 U.S.C. §§ 1441 and 1332(a)(1) because there is complete diversity of citizenship between all Plaintiffs and Defendants, the amount in controversy exceeds $75,000, and no Defendant is a citizen of the State of Texas," where "Plaintiff's original petition alleges she has suffered damages in an amount between $100,000 and $200,000"; "Plaintiff is a resident of Dallas County, Texas"; and "Defendant Wal-Mart Stores, Inc. is a Delaware

-3-

Corporation with its principal place of business in Arkansas," but "the correct corporate entity/Defendant is Wal-Mart Stores Texas, LLC," and "Defendant Wal-Mart Stores Texas, LLC is now and was at the time of the filing of this action a Delaware Limited Liability Company with its principal place of business in Arkansas." *Id.* at 1, 2. Defendants assert that "[t]his action may be removed to this Court pursuant to 28 U.S.C. § 1441(b), because no Defendant is a citizen of Texas, the state in which the action was brought." *Id.* at 3.

And Defendants state that, "[i]n accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Supplemental Notice of Removal will be given to all parties and to the Clerk of the 95th District Court of Dallas County, Texas." *Id.*

On August 30, 2016, after conducting a Federal Rule of Civil Procedure 16(b) pretrial scheduling conference with Mauer's counsel and Defendants' counsel, *see* Dkt. No. 15, the Court issued the following Electronic Order:

> ELECTRONIC ORDER: After carefully reviewing Defendants' Supplemental Notice of Removal [14], the Court concludes that Defendants' jurisdictional allegations are defective where pleading Plaintiff's residency instead of her citizenship fails to meet 28 U.S.C. § 1446's jurisdictional pleading requirement, where Defendants have not included complete allegations of the citizenship of Wal-Mart Stores Texas, LLC (although this information may be contained in Defendants' Certificate of Interested Persons [3]), and where Defendants appear to suggest that the Court should not consider the citizenship of Defendants Wal-Mart Stores, Inc., Walmart Stores East, Inc., d/b/a Wal-Mart #1055, and Wal-Mart Real Est Business – the defendants named in Plaintiff's Original Petition – because they were not correctly sued or are not the correct corporate entity or defendant but fail to further explain the citizenship of these entities and why they should be ignored (such as, for example, as nominal parties) for purposes of determining whether the Court has diversity jurisdiction under 28 U.S.C. § 1332(a). The Court can properly, under 28 U.S.C. § 1653, require Defendants to remedy these

> inadequate jurisdictional allegations. See In re Allstate Ins. Co., 8 F.3d 219, 221 n.4 (5th Cir. 1993); Neeley v. Bankers Trust Co. of Texas, 757 F.2d 621, 634 n.18 (5th Cir. 1985); Moore v. Gladiator Events, LLC, No. 3:15-cv-1877-M, 2015 WL 5459625, at *3 (N.D. Tex. Sept. 15, 2015). Accordingly, the Court ORDERS Defendants to file a response, by September 12, 2016, to Plaintiff's Motion to Remand [12] and to simultaneously file an amendment to their Supplemental Notice of Removal to remedy these defective jurisdictional allegations. Plaintiff may then file a combined reply in support of her Motion to Remand and to these amended jurisdictional allegations by no later than September 26, 2016. (Ordered by Magistrate Judge David L. Horan on 8/30/2016.)

Dkt. No. 16.

Defendants then filed a Second Supplemental Notice of Removal on September 9, 2016. *See* Dkt. No. 18. Defendants explain that "Plaintiff commenced this lawsuit by filing her Original Petition on June 6, 2016"; that "Defendant was served with the Original Petition on or about July 6, 2016, through the registered agent for Defendants"; that "Defendants filed their initial Notice of Removal on July 19, 2016"; and that "Defendants' removal is timely because it was filed within thirty days after the Defendants were served via their registered agents," pursuant to 28 U.S.C. § 1446. *Id.* at 2.

Defendants allege that "[r]emoval is proper under 28 U.S.C. §§ 1441 and 1332(a)(1) because there is complete diversity of citizenship between all Plaintiffs and Defendants and the amount in controversy exceeds $75,000," where "Plaintiff's original petition alleges she has suffered damages in an amount between $100,000 and $200,000"; that "Plaintiff is a citizen of Texas as evidenced by her holding an active Texas drivers license"; that "Defendant Wal-Mart Stores, Inc. is a Delaware Corporation with its principal place of business in Arkansas"; and that "Defendant

Wal-Mart Stores East, Inc., is a Delaware Corporation with its principal place of business in Arkansas" but that "the correct corporate entity/Defendant is Wal-Mart Stores Texas, LLC" and that "Defendant Wal-Mart Stores Texas, LLC is now and was at the time of the filing of this action a Delaware Limited Liability Company with its principal place of business in Arkansas." *Id.* at 2, 3 (footnotes omitted). And Defendants allege that "Defendant Wal-Mart Real Est Business is not an existing entity" but that "[i]t is presumed Plaintiff intended to name Wal-Mart Real Estate Business Trust as a defendant" and that "Wal-Mart Real Estate Business Trust is a Delaware business trust with its principal place of business in Arkansas." *Id.* at 3. But, Defendants allege, "the correct corporate entity/Defendant is Wal-Mart Stores Texas, LLC," which "is now and was at the time of the filing of this action a Delaware Limited Liability Company with its principal place of business in Arkansas." *Id.*

In their Certificate of Interested Persons, Defendants explain:

Wal-Mart Stores, Inc., is a Delaware Corporation with its principal place of business in Arkansas. However, the correct corporate entity/Defendant is Wal-Mart Stores Texas, LLC. Defendant Wal-Mart Stores Texas, LLC is now and was at the time of the filing of this action a Delaware Limited Liability Company with its principal place of business in Arkansas. The citizenship of an LLC is the same as the citizenship of all its members. Wal-Mart Real Estate Business Trust is the sole owner of Wal-Mart Stores Texas LLC. Wal-Mart Real Estate Business Trust is a statutory business trust organized under the laws of Delaware with its principal place of business in Arkansas. Wal-Mart Property Co. is the sole owner of Wal-Mart Real Estate Business Trust. Wal-Mart Property Co. is a Delaware corporation with its principal place of business in Arkansas. Wal-Mart Stores East, LP is the sole owner of Wal-Mart Property Co. Wal-Mart Stores East LP is a Delaware Limited Partnership with its principal place of business in Arkansas. WSE Management, LLC is the general partner, and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. WSE Management, LLC and WSE

Investment, LLC are both Delaware Limited Liability Companies with their principal place of business in Arkansas. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC. Wal-Mart Stores East, LLC is a limited liability company organized under the laws of the state of Arkansas with its principal place of business in Arkansas. Wal-Mart Stores, Inc. is the sole owner of Wal-Mart Stores East, LLC. Wal-Mart Stores, Inc. is a Delaware Corporation with its principal place of business in Arkansas.

Dkt. No. 3 at 1-2.

In their Second Supplemental Notice of Removal, Defendants assert that "[t]his action may be removed to this Court pursuant to 28 U.S.C. § 1441(b), because Plaintiff is a citizen of Texas and no Defendant is a citizen of Texas, the state in which the action was brought." Dkt. No. 18 at 3. And Defendants state that, "[i]n accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Second Supplemental Notice of Removal will be given to all parties and Defendants have provided to the Clerk of the 95th District Court of Dallas County, Texas, their initial Notice of Removal." *Id.* at 4.

Defendants also responded to the Motion to Remand on September 8, 2016 and filed an amended response on September 9, 2016. *See* Dkt. Nos. 17 & 19. They assert that, while "Plaintiff asks this Court to remand this case to State Court on the premise that this case does not satisfy the amount in controversy requirement," "Plaintiff's argument is insufficient as a matter of law to support Plaintiff's request for a remand of this case," where "Plaintiff overlooks the fact that the basis for removal attached at the time this case was removed, and that Plaintiff's amended petition is therefore irrelevant to the determination of whether this Court has subject matter jurisdiction over this matter." Dkt. No. 19 at 2.

-7-

Plaintiff has not filed a response to the amended jurisdictional allegations or a reply in support of her Motion to Remand, and her time to do so has passed. *See* Dkt. No. 16.

## Legal Standards and Analysis

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Statutes that authorize removal are meant to be strictly construed, and any doubt as to the propriety of removal should be resolved in favor of remand. *See Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 89 (5th Cir. 2013); *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). A federal court's jurisdiction is limited, and federal courts generally may hear only a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) (citation and internal quotation marks omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

In diversity cases under 28 U.S.C. § 1332, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Failure to allege adequately the basis of diversity requires remand. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).

"If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that – (A) the notice of removal may assert the amount in controversy if the initial pleading seeks – (i) nonmonetary relief; or (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2). That is, if no amount of damages has been alleged in the state court petition, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *See id.*; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995).

This requirement can be satisfied if the defendant shows that "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno v. Prudential*

-9-

*Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002). "'The removing party's burden is to show not only what the stakes of the litigation could be, but also what they are given the plaintiff's actual demands.... The demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks." *Berniard v. Dow Chem. Co.*, 481 F. App'x 859, 862 (5th Cir. 2010) (quoting *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008); emphasis removed). And, "once a defendant is able to show that the amount in controversy exceeds the jurisdictional amount, removal is proper, provided plaintiff has not shown that it is legally certain that his recovery will not exceed the amount stated in the state complaint" or "to a legal certainty that the claim is really for less than the jurisdictional amount." *De Aguilar*, 47 F.3d at 1411-12.

"[A]s specified in [28 U.S.C.] § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *see* 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.").

"[W]hen a defendant's assertion of the amount in controversy is challenged," "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee*, 135 S. Ct. at 554; *accord A&C Disc. Pharmacy L.L.C. v. Prime Therapeutics LLC*, No. 3:16-cv-429-D, 2016 WL 3194332, at *2 (N.D. Tex. June 9, 2016).

Pursuant to the complete diversity requirement, the Court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003). "For diversity jurisdiction, the party asserting federal jurisdiction must distinctly and affirmatively allege [ ] the citizenship of the parties." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

As their Supplemental Notice of Removal and Second Supplemental Notice of Removal make clear, Defendants removed this case under Section 1441(a) on the basis of diversity jurisdiction under 28 U.S.C. § 1332. *See* Dkt. No. 14 at 1, 2; Dkt. No. 18 at 2-4.

Defendants may amend their original Notice of Removal pursuant to 28 U.S.C. § 1653 where the defects in the original Notice of Removal were in the nature of a failure to state the basis for subject-matter jurisdiction and where the existence of diversity jurisdiction at the time of removal on July 19, 2016 was not questioned by the parties and there is no suggestion in the record that it did not in fact exist. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 806 (5th Cir. 1991). Section 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or

appellate courts." 28 U.S.C. § 1653. Section 1653 provides a method for curing Defendants' defective allegations of jurisdiction "where the defect is merely one of the pleading and not one of an absence of proof of facts necessary to establish diversity of citizenship." *Id.* The circumstances here do not implicate "[t]he danger against which a court must guard, [which] is that a party will attempt to use § 1653 to retroactively create subject matter jurisdiction" by making amendments to add claims, causes of actions, or parties to "create jurisdiction where it did not previously exist." *Whitmire v. Victus Ltd.*, 212 F.3d 885, 888 (5th Cir. 2000). Put another way, the Court can, under Section 1653, permit a party to "'remedy inadequate jurisdictional allegations'" but not "'defective jurisdictional facts.'" *Id.* (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 n.5 (1989)).

Defendants' Supplemental Notice of Removal still did not adequately allege the parties' citizenship for diversity jurisdiction purposes, and the Court therefore permitted a second amendment to the notice of removal under Section 1653. *See In re Allstate Ins. Co.*, 8 F.3d 219, 221 n.4 (5th Cir. 1993); *Neeley v. Bankers Trust Co. of Texas*, 757 F.2d 621, 634 n.18 (5th Cir. 1985); *Moore v. Gladiator Events, LLC*, No. 3:15-cv-1877-M, 2015 WL 5459625, at *3 (N.D. Tex. Sept. 15, 2015) (collecting cases).

As laid out above, the Second Supplemental Notice of Removal in combination with Defendants' Certificate of Interested Persons sufficiently alleges that no named defendant – including each entity that Defendants contend are not the proper defendants – is a citizen of Texas and that Mauer is a citizen of Texas. Defendants therefore do not rely on improper joinder or the nominal-defendant doctrine or related

doctrines to establish complete diversity of citizenship in this case.

Plaintiff's Motion to Remand is based on an amendment in her First Amended Petition to reduce the amount-in-controversy allegation below Section 1332(a)'s $75,000.00 jurisdictional threshold. She filed her First Amended Petition in the state court on August 17, 2016, almost a month after Defendants' filed their original Notice of Removal on July 19, 2016.

28 U.S.C. § 1446(d) requires that "[p]romptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." Plaintiff does not dispute that Defendant provided notice to the clerk of the state court at or around the time of filing the original Notice of Removal, as the Notice of Removal itself states that they did. *See* Dkt. No. 1 at 1; *see also* Dkt. No. 18 at 4.

"While the statute requires that the removing defendant give notice to the court and all parties, and there is some disagreement in the case law as a whole, Fifth Circuit case law consistently suggests that the state court is divested of jurisdiction when the state court receives either actual or constructive notice of the removal," and "[t]he Fifth Circuit case law has been quite consistent in holding that the state court ceases to have jurisdiction when the state court is given notice." *McAdams v. Medtronic, Inc.*, Civ. A. No. H-10-2336, 2010 WL 2710393, at *2, *3 (S.D. Tex. July 7, 2010) (citing cases). Here, "[t]he moment [that Defendants] filed the Notice of Removal

in the state court, the state court lost its jurisdiction and removal was effected," and "[t]he fact that [Defendants] filed a subsequent [Supplemental] Notice of Removal in this Court to correct a deficiency present in its original notice has no bearing on this determination." *Robinson v. Wheeler*, No. 415CV00104DMBJMV, 2016 WL 593624, at *5 (N.D. Miss. Feb. 12, 2016), *reconsideration denied*, 2016 WL 4384745 (N.D. Miss. Aug. 16, 2016).

Plaintiff's change in the amount of damages she seeks is therefore a post-removal event. In fact, any post-removal filing in the state court is void because the case was no longer pending there. *See McAdams*, 2010 WL 2710393, at *4.

But, even if that were not so, in the context of removal, "[t]he jurisdictional facts that support removal must be judged at the time of the removal." *Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000). This follows from the "long-established general rule, holding that jurisdictional facts are determined at the time of removal, and consequently post-removal events do not affect that properly established jurisdiction." *La. v. Am. Nat. Prop. Cas. Co.*, 746 F.3d 633, 636 (5th Cir. 2014). Under this general rule, "most post-removal developments – amendment of pleadings to below jurisdictional amount or change in citizenship of a party – will not divest the court of jurisdiction." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987); *accord GlobeRanger Corp. v. Software Ag United States of Am., Inc.,* ___ F.3d ___, No. 15-10121, 2016 WL 4698270, at *6 (5th Cir. Sept. 7, 2016) ("Before delving into *GlobeRanger I*, we begin with some basic principles of federal jurisdiction that inform our reading of it. First is the 'fundamental principle' that jurisdiction is determined

based on the time of removal. This removal rule is a corollary of the 'time-of-filing rule' that governs jurisdictional determinations for cases originally filed in federal court. A rule of 'hornbook law,' the time-of-filing rule traces at least as far back as an 1824 Supreme Court case holding that jurisdiction depends upon the state of things at the time of the action brought. Both the time-of-filing and time-of-removal rule make sense. It would be inefficient for the court, as well as for litigants, if the power of the court to decide a case could exist at the outset, but later disappear based on changed circumstances." (internal quotation marks and citations omitted)); *Anderson v. Dow Chem. Co.*, 255 F. App'x 1, 3 (5th Cir. 2007) ("[I]t is well established that, with few exceptions, diversity jurisdiction is determined as at the time an action is filed; an amendment to the complaint or stipulation reducing the amount in controversy does *not* divest a federal court of such jurisdiction." (emphasis in original)). As such, "though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938) (footnote omitted).

Accordingly, post-removal declarations are generally not a part of determining an amount in controversy. *See Ford v. United Parcel Serv., Inc. (Ohio),* No 3:14-cv-1872-D, 2014 WL 4105965, at *4 (N.D. Tex. Aug 21, 2014). They can only be considered if the jurisdictional amount was ambiguous on the face of the state petition or at the time of removal. *See Gebbia ,* 233 F.3d at 883; *St. Paul Reinsurance Co.,* 134 F.3d at 1254 n.18. If the state-court petition on its face satisfies the amount-in-controversy

requirement, a plaintiff's later attempt to "clarify the amount in controversy cannot divest jurisdiction." *Robinson v. Wal Mart Stores Texas, LLC.*, 561 F. App'x 417, 418 (5th Cir. 2014); *accord Marcel v. Pool Co.*, 5 F.3d 81, 85 (5th Cir. 1993) ("In cases in which, on the other hand, the plaintiff, by whatever means, seeks to reduce, rather than clarify, his demand after removal, the plain language of *St. Paul Mercury* and the rationale of [*Asociación Nacional de Pescadores a Pequeña Escala o Artesanales de Colombia v. Dow Química de Colombia S.A.*, 988 F.2d 559 (5th Cir. 1993)] unequivocally bar remand for want of jurisdictional amount.").

Here, Plaintiff does not assert ambiguity in the statement of the jurisdictional amount in her Original Petition. And her damages allegations in her Original Petition were not ambiguous, and there is no evidence that, even if she has changed her mind, she did not originally plead her damages in good faith. *See TFHSP LLC Series 605 v. Lakeview Loan Servicing, LLC*, No. 3:14-CV-1782-B, 2014 WL 5786949, at *4 (N.D. Tex. Nov. 3, 2014)

Rather, Plaintiff seeks to affirmatively change the pleaded amount-in-controversy based on the post-removal First Amended Petition. But, "[t]o determine whether jurisdiction is present for removal, [the Court] consider[s] the claims in the state court petition as they existed at the time of removal." *Manguno*, 276 F.3d at 723. And, "once the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction." *Gebbia*, 233 F.3d at 883; *accord Jefferson v. Certain Underwriters at Lloyd's London*, ___ F. App'x ___, No. 15-30211, 2016 WL 4487638, at

*2 (5th Cir. Aug. 25, 2016) (noting "the venerable rule that the jurisdiction of the court depends upon the state of things at the time of the action brought," which "clearly applies, for example, ... to post-removal diminutions of the amount in controversy" (internal quotation marks and footnotes omitted));

That is, "[o]nce the district court [has] found that it had jurisdiction, the jurisdiction is deemed to have vested in the court at the time of removal. An amendment to the complaint limiting damages for jurisdictional purposes cannot divest jurisdiction." *Allen*, 63 F.3d at 1336. If, as is the case here, "it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Gebbia*, 233 F.3d at 883. "Although Plaintiff[] [has] attempted to reduce the amount in controversy through the [First] Amended Petition, post-removal amendments do not destroy this Court's removal jurisdiction." *Omutiti v. Macy's Dep't Store*, Civ. A. No. H-15-2167, 2015 WL 5311063, at *2 (S.D. Tex. Sept. 11, 2015); *accord Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264-65 (5th Cir. 1995) (explaining that "a plaintiff cannot defeat removal by [subsequently] changing his damage request" and "attempt[ing] instead to amend away the basis for federal jurisdiction," where "removal jurisdiction should be determined on the basis of the state court complaint at the time of removal, and that a plaintiff cannot defeat removal by amending it" (emphasis removed)); *Ragas v. Ford Leasing Dev. Co.*, Civ. A. No. 96-1919, 1998 WL 2851, at *1 (E.D. La. Jan. 5, 1998) ("Thus, a plaintiff cannot defeat removal by changing his damage request after removal if the

-17-

requisite amount in controversy exists at the time of removal."); *Choate v. State Farm Mut. Auto. Ins. Co.*, 62 F.3d 395 (table), No. 94-60589, 1995 WL 450253, at *3 (5th Cir. July 7, 1995) ("Because State Farm properly removed Choate's suit to federal court, Choate cannot defeat removal by attempting to amend her pleadings to reduce the amount in controversy below the required sum.").

Neither can a post-removal stipulation divest the Court of diversity jurisdiction, because "'[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, [*St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 845 (1938)], makes later filings irrelevant.'" *De Aguilar*, 47 F.3d at 1412 (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (per curiam)). "The plaintiff cannot manipulate the amount in controversy by changing his demand, including filing a stipulation, after removal." *Ragas*, 1998 WL 2851, at *2. "[A] postremoval stipulation cannot change the amount in controversy, but can serve to clarify it when the amount in controversy is ambiguous." *B Dubs, LLC v. Scottsdale Ins. Co.*, Civ. A. No. 15-65-JWD-RLB, 2015 WL 3651014, at *6 (M.D. La. June 11, 2015).

Accordingly, any post-removal amendment to Plaintiff's damages allegations does not deprive the Court of diversity jurisdiction.

## Conclusion

For the reasons explained above, the Court determines that it has subject-matter jurisdiction over this case under 28 U.S.C. § 1332 and DENIES Plaintiff's Motion to Remand [Dkt. No. 12].

-18-

SO ORDERED.

DATED: October 5, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE