IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANGELA MAUER, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:16-cv-2085 |
| WAL-MART STORES TEXAS, LLC | § | |
| WAL-MART STORES, INC., WAL- | § | |
| MART STORES EAST, INC., d/b/a | § | |
| WAL-MART #1055, and WAL-MART | § | |
| REAL EST BUSINESS | § | |
|     Defendants. | § | |

## PLAINTIFF'S AMENDED MOTION FOR LEAVE TO FILE AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes, ANGELA MAUER, Plaintiff in the above-entitled and numbered cause, and makes and files this her Motion for Leave to file Amended Petition; and, in support thereof, would respectfully show the Court as follows:

### I.
### BACKGROUND

1.1   Plaintiff filed this lawsuit on or about June 06, 2016.  Thereafter, the Defendants filed a Motion for No-Evidence Summary Judgment on or about August 28, 2017.  Thereafter, Plaintiff filed its Response to Defendants' Motion for No-Evidence Summary Judgment on Plaintiff's Claims on or about September 27, 2017.  Also soon thereafter, Defendants filed their Reply in Support of their No Evidence Motion for Summary Judgment on or about July 20, 2015.  These Motions were heard December 1, 2017.

1.2     On December 01, 2017, during oral argument, the Defendants moved for leave of the Court to amend their Motion because it failed to address all of Plaintiff's Claims. Defendants also argued that Plaintiff's First Amended Petition did not adequately address her claims of negligence and gross negligence.

1.3     On December 01, 2017, the Court communicated to counsel that it would seek advisement prior to issuing a decision on Defendants' Motion for No-Evidence Summary Judgment on Plaintiff's Claims; however, the Court granted the Defendants' motion for leave to submit supplemental briefing or to file a second motion for summary judgment or a Federal Rule of Civil Procedure 12(c) motion for judgment on the pleadings on the general negligence and gross negligence claims.

1.4     On December 05, 2017, the Court entered its Order and Opinion ruling that Defendants' Motion for No-Evidence Summary Judgment was granted in part and denied in part, and dismissed Plaintiff's premises liability claim with prejudice.

1.5     Though Plaintiff's First Amended Petition pled claims sounding in premises liability, general negligence and gross negligence, there appears to be confusion on Defendants' part as to the nature of Plaintiff's claims. Thus, though Plaintiff believes her Petition in a notice pleading jurisdiction is more than sufficient, Plaintiff seeks leave of the Court to Amend her Petition to conform her pleadings to provide additional language and clarity with regard to her negligence and gross negligence claims, which is attached hereto as Exhibit "A".

## II.
## ARGUMENTS AND AUTHORITIES

2.1     Fed. R. Civ. P. 15(a)(2) provides that leave to amend pleadings "shall be freely give when justice so requires." "It is settled that the grant of leave to amend the pleadings pursuant to

Rule 15(a) is within the discretion of the trial court." *Garcia v. Zale Corp.*, 2006 WL 298156, at *1 (N.D.Tex. Feb.1, 2006) (Fitzwater, J.) (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971)). In deciding whether to grant leave to amend, "[t]he court may consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Hoffman v. L & M Arts*, 2012 WL 4321739, at *4 (N.D.Tex. Sept.21, 2012)

2.2     In light of the arguments presented during oral argument and this Court's granting of Defendants' motion for leave to amend their Motion for No-Evidence Summary Judgment on Plaintiff's Claims to allow Defendants' the opportunity to properly address all of Plaintiff's claims, Plaintiff requests leave to amend to her Petition to provide further clarity as to the nature of her claims to ensure that her claims for liability are properly brought against Defendants.

2.3     Permitting this amendment will not result in surprise or undue prejudice to Defendants, because Defendants have been served proper notice regarding any case activity; and because Plaintiff does not seek to add any new causes action that fall outside of the parameters of negligence; rather, she seeks only to ensure that her claims are stated as clearly as possible.

### III.
### PRAYER

**WHEREFORE**, Plaintiff prays that the Court grant Plaintiff's Motion for Leave to File Amended Petition, which is attached hereto as Exhibit "A"; and also that the Court grant Plaintiff all other relief to which she has shown herself entitled.

Respectfully submitted,

**MAYO MENDOLIA & VICE, L.L.P.**
By: /s/ Dale H. Henley
    KEVIN W. VICE
    State Bar No. 00785150
    kvice@mmvllp.com
    DALE H. HENLEY
    State Bar No. 24048148
    dhenley@mmvllp.com
    J. SCOTT DILBECK
    State Bar No. 24091123
    sdilbeck@mmvllp.com

    5368 State Hwy. 276
    Royse City, Texas 75189
    (469) 402-0450
    (469) 402-0461 (Facsimile)

**ATTORNEY FOR PLAINTIFF
ANGELA MAUER**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been forwarded to the following counsel of record, **on this 6th day of December 2017:**

Steven J. Moses                                                                      *Via E-Service*
Cowles & Thompson, P.C.
901 Main Street, Suite 3900
Dallas, Texas 75202

_____
Dale H. Henley