IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANGELA MAUER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-2085-BN |
| | § | |
| WAL-MART STORES, INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**[1]

Plaintiff Angela Mauer has filed an Amended Motion for Leave to File Amended Petition. *See* Dkt. No. 45. In her Amended Motion for Leave to File Amended Petition, Mauer explains that, "[t]hough Plaintiff's First Amended Petition pled claims sounding in premises liability, general negligence and gross negligence, there appears to be confusion on Defendants' part as to the nature of Plaintiff's claims. Thus, Plaintiff prays leave of the Court to Amend her Petition to conform her pleadings to provide additional language and clarity with regard to her negligence and gross negligence claims." *Id.* at 2.

Defendants Wal-Mart Stores, Inc., Wal-Mart Stores East, Inc., d/b/a Wal-Mart #1055, and Wal-Mart Real Est Business (collectively, "Wal-Mart") have filed a

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

response, *see* Dkt. No. 46, and Mauer filed a reply, *see* Dkt. No. 47.

As the Court explained in its briefing order, the following standards governing Mauer's motion, which is filed after the June 1, 2017 deadline for motions for leave to amend pleadings set by the Court's Initial Scheduling Order [Dkt. No. 20]:

> Because the standards by which the Court evaluates a motion for leave to amend the pleadings vary according to whether the motion was filed before or after the deadline established in the scheduling order, the Court must determine, as an initial matter, whether the motion was filed before or after the deadline. *See, e.g.*, *Orthoflex, Inc. v. Thermotek, Inc.*, Nos. 3:11-cv-08700-D & 3:10-cv-2618-D, 2011 WL 4398279, at *1 (N.D. Tex. Sept. 21, 2011) ("Motions for leave to amend are typically governed by [Federal Rule of Civil Procedure] 15(a)(2), or, if the time to seek leave to amend has expired, by [Federal Rule of Civil Procedure] 16(b)(4) and then by Rule 15(a)(2).").
>
> When the deadline for seeking leave to amend pleadings has expired, the Court must first determine whether to modify the scheduling order under the Federal Rule of Civil Procedure 16(b)(4) good cause standard. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003). The Court's scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). To meet the good cause standard, the party must show that, despite her diligence, she could not reasonably have met the scheduling order deadline. *See S&W*, 315 F.3d at 535. The Court assesses four factors when deciding whether to grant an untimely amendment under Rule 16(b)(4): "'(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" *Id.* at 536 (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).
>
> In the related context of deciding whether to exclude an untimely expert designation, the United States Court of Appeals for the Fifth Circuit, looking to the same four factors, has explained that, if "the first and third factors militate against permitting the testimony, the trial court was not obligated to continue the trial," where, "[o]therwise, the failure to satisfy the rules would never result in exclusion, but only in a continuance," and, "[b]ecause of a trial court's need to control its docket, a party's violation of the court's scheduling order should not routinely justify a continuance." *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883-84 (5th Cir. 2004); *see also Reliance Ins.*, 110 F.3d at 258

("District judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case.").

Moreover, courts "more carefully scrutinize a party's attempt to raise new theories of recovery by amendment when the opposing party has filed a motion for summary judgment." *Parish v. Frazier*, 195 F.3d 761, 764 (5th Cir. 1999) (citations omitted). And, "[w]hen leave to amend is sought after a summary judgment motion has been filed, courts routinely decline to permit the moving party to amend." *Hunsinger v. Sko Brenner American, Inc.*, No. 3:13-cv-988-D, 2014 WL 1462443, at *14 (N.D. Tex. Apr. 15, 2014). As the Fifth Circuit has recognized, "[t]o grant ... leave to amend is potentially to undermine [the non-amending party's] right to prevail on a motion that necessarily was prepared without reference to an unanticipated amended complaint.... A party should not, without adequate grounds, be permitted to avoid summary judgment by the expedient of amending [his] complaint." *Overseas Inns S.A. P.A. v. United States*, 911 F.2d 1146, 1151 (5th Cir. 1990) (internal quotation marks omitted).

The Fifth Circuit recently invoked this standard in affirming a district court's denial of an untimely amendment to add a new claim, explaining:

> Finally, Squyres sought leave to amend his complaint on August 22, 2013. By that time, the December 31, 2012 deadline to amend pleadings had long since passed. Therefore, because Squyres sought to amend his pleadings after the deadline set in the scheduling order, Squyres had to satisfy Rule 16(b)'s standard and again demonstrate that he could not reasonably have met this deadline despite exercising diligence. Citing both Rule 16 and Rule 15, the district court denied Squyres's motion, concluding that Squyres had failed "to show that a third amended complaint should be permitted at this stage in the litigation."
>
> Squyres fails to show good cause for his delay. Squyres's only reason for failing to amend his complaint sooner is that he did not have the basis to allege a fraud claim until after he had deposed Frediani in mid-August 2013. Squyres, however, had informed the district court back in September 2012 that there was a possibility he would amend his complaint to include a fraudulent misrepresentation claim. Despite this knowledge, Squyres then waited almost a year to seek leave to amend his complaint. *See E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 334 (5th Cir. 2012) (affirming that the district court had acted within its discretion in denying leave to amend

because the plaintiff's "reasonable suspicion" of a potential claim "accent[ed] [the plaintiff's] inability to explain the delay" in asking for leave to amend). Even assuming that it was reasonable for Squyres to delay amending his complaint until after he had deposed Frediani, his delay in scheduling Frediani's deposition was self-imposed, as discussed above. *See Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 644 (5th Cir. 2007) (affirming the district court's denial of leave to amend under Rule 15 because the plaintiffs "had been aware of the factual underpinnings of the [new] fraud claim for some time, and ... they had not been diligent in pursuing the claim").

In addition to failing to explain his delay (both in seeking leave to amend and in scheduling Frediani's deposition), Squyres also fails to demonstrate that the amendment would have caused no prejudice to Appellees. Because Appellees had sought no discovery related to Squyres's fraud claim, allowing amendment would have imposed additional discovery costs. Moreover, Appellees had already filed their summary judgment motion by the time Squyres sought leave to amend. Thus, not only would the district court have needed to reopen discovery, but it also would have needed to allow another round of dispositive motions. *See Parish v. Frazier*, 195 F.3d 761, 764 (5th Cir. 1999) (per curiam) (noting that this court, even under the more liberal Rule 15 standard, "more carefully scrutinize[s] a party's attempt to raise new theories of recovery by amendment when the opposing party has filed a motion for summary judgment").

Squyres's final argument is that the district court abused its discretion because it ignored his quid pro quo agreement with Appellees. This argument does not help Squyres. For one, the district court was not bound by the parties' agreement and instead had "broad discretion to preserve the integrity and purpose of the pretrial order." *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (internal quotation marks and citation omitted); *see also* FED. R. CIV. P. 16(b)(4) (stating that a scheduling order "may be modified only for good cause and with the judge's consent " (emphasis added)). Next, it was also not an abuse of discretion for the district court to grant Appellees' motion to amend their answer, but to deny Squyres's motion to amend his complaint. Although

> the deadline to amend the pleadings had also already passed when Appellees filed their motion for leave to amend, Appellees had not yet filed their summary judgment motion and discovery had not yet closed under the new July 21 deadline. Squyres, on the other hand, did not file his motion until the end of August, after discovery had closed, after Appellees had filed their motion for summary judgment, and just two days before Squyres's response to the summary judgment motion was due. It was therefore not an abuse of discretion for the district court to conclude that Squyres's motion came too late in the litigation.

*Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 238-39 (5th Cir. 2015).

> If the movant satisfies these Rule 16(b)(4) requirements, the Court must then determine whether to grant leave to amend under Federal Rule of Civil Procedure 15(a)(2)'s more liberal standard, which provides that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2); *see S&W*, 315 F.3d at 536. When the party is not subject to an expired deadline for seeking leave to amend, Rule 15(a) requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2). Leave to amend is not automatic, *see Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005), but the federal rules' policy "is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). The Court "may consider a variety of factors" when deciding whether to grant leave to amend, "including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones*, 427 F.3d at 994. But Rule 15(a) provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), and the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy*, 660 F.2d at 598; *accord Jebaco Inc. v. Harrah's Operating Co. Inc.*, 587 F.3d 314, 322 (5th Cir. 2009) ("leave to amend is to be granted liberally unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile").

Dkt. No. 43 at 2-7.

Wal-Mart argues "that Plaintiff's Second Amended Petition is futile because

-5-

Plaintiff's claims are limited to a theory of premises defect, not negligence/negligent activity, and all negligence/negligent activity claims should be dismissed as a matter of law"; that, "[a]lternatively, [Wal-Mart] would be unduly prejudiced by new theories of recovery in Plaintiff's proposed Second Amended Petition"; and that, "[f]or these reasons, and those detailed below, Plaintiff's Amended Motion should be denied." Dkt. No. 46 at 2.

As to futility, as Wal-Mart notes, the "Court has already dismissed Plaintiff's premises liability claims, finding no genuine issue of material fact on the essential element of whether a condition posed or created an unreasonable risk of harm," but the Court has already given leave for Wal-Mart to file a dispositive motion as to Plaintiff's general negligence and gross negligence claims – and any negligent activity or negligent undertaking claim or theory that the Court may grant Mauer leave to amend to pursue. *Id.* at 5-6. Wal-Mart will have the chance on that motion to attempt to establish that, "[a]s a matter of law, Plaintiff has no claim for general negligence, negligent activity, or negligent undertaking" and that, "[w]ithout a viable claim for negligence and an award of actual damages for same, Plaintiff has no claim for gross negligence," *id.* at 6, as Wal-Mart argues in opposing leave to amend, *see id.* at 3-6.

"This Court's almost unvarying practice when futility is raised is to address the merits of the claim or defense in the context of a Rule 12(b)(6) or Rule 56 motion. The court only infrequently considers the merits of new causes of action in the context of Rule 15(a). The court prefers instead to do so in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer." *Ecoquij-Tzep v. Hawaiian*

*Grill*, No. 3:16-cv-625-BN, 2017 WL 2666154, at *3 (N.D. Tex. June 21, 2017). And that is what the Court will do here. Leave to amend will not be denied as futile.

But in considering Rules 16(b)(4) and 15(a), significant consideration must be given to the importance of the amendment and the potential prejudice in allowing the amendment. Mauer offers little explanation for why she could not have timely moved for leave to amend or even moved out-of-time for leave on a date sooner than after the dispositive motions deadline passed and Wal-Mart's Motion for Summary Judgment was briefed and argued. But, under the circumstances here, the most critical issue seems to be potential prejudice in allowing the new allegations where this case is specially set for jury trial on March 28, 2018 and discovery in this case closed on September 8, 2017. The Court will not continue the trial or reopen discovery under these circumstances, where Mauer could have amended months ago and asserts only that she seeks to address Wal-Mart's confusion as to the nature of her existing claims.

Wal-Mart argues that, "[i]n her Second Amended Petition, Plaintiff asserts – for the first time in this case – a theory of negligent undertaking" and "that granting Plaintiff leave to add this new claim unfairly surprises and unduly prejudices" Dkt. No. 46 at 6.

According to Wal-Mart,

[a] negligent undertaking theory is a separate and distinct theory that is not encompassed in a pleading of general negligence (which Plaintiff asserted in her First Amended Petition) or even negligent activity (which Plaintiff also asserts for the first time in her proposed Second Amended Petition). *See Torrington Co. v. Stutzman*, 46 S.W.3d 829, 838-39 (Tex. 2000); *Custom Transit, L.P. v. Flatrolled Steel, Inc.*, 375 S.W.3d 337, 362-63 (Tex. App. – Houston [14th Dist.] 2012, pet. denied). A claim for

-7-

> negligent undertaking involves three unique essential elements that were not raised or addressed during discovery in this matter: (1) the defendant undertook to perform services that it knew or should have known were necessary for the plaintiff's protection; (2) the defendant failed to exercise reasonable care in performing those services; and (3) either the plaintiff relied on the defendant's performance, or the defendant's performance increased the plaintiff's risk of harm. *See Torrington Co.*, 46 S.W.3d at 839.
>
> For these reasons, Defendants would be unduly prejudiced if Plaintiff is granted leave to add this new claim at this time because Defendants are surprised by the late addition of this new claim and have not been afforded the opportunity to conduct discovery on same.

*Id.* at 6-7.

Mauer replies that Wal-Mart "will not be unduly prejudiced by new theories of recovery in Plaintiff's proposed Second Amended Petition because Plaintiff has not pled any causes of action that differ in their factual basis, or that will require additional discovery or require the submission of any new evidence," and that "justice requires that leave be granted to Plaintiffs just as leave was granted to Defendants to amend their defective Motion for No-Evidence Summary Judgment on Plaintiff's Claims, which failed to address all of Plaintiff's claims." Dkt. No. 47 at 3.

Taking the last point first, the Court disagrees. The Court has explained the judicial economy interests that would be served by allowing Wal-Mart to file a second dispositive motion, and the Court noted that granting that leave does not require reopening discovery or continuing the trial setting. *See* Dkt. No. 41 ("But, in the interest of resolving Defendants' challenges to these claims before the parties and the Court begin pretrial preparation in earnest, the Court, in its discretion under Federal Rule of Civil Procedure 16(b)(4), finds good cause to grant Defendants leave to file a

dispositive motion on Plaintiff's general negligence and gross negligence claims by December 15, 2017, with a response due by January 5, 2018 and any reply due by January 19, 2018. The Court finds that, where this motion can be filed, briefed, and resolved without the need for any continuance or extensions of other deadlines, any prejudice to Plaintiff from the belated challenge does not outweigh the interest of resolving legal challenges to these claims, as pleaded and as to which discovery has closed, before trial.").

But Mauer acknowledges that "[a]n amendment imposes undue prejudice when the amendment would require the defendant to reopen discovery and prepare a defense for a claim different from the one that was previously before the court." Dkt. No. 47 at 6 (internal quotation marks omitted). Mauer asserts that, as alleged in Paragraphs 4.10-4.12 and 5.9-5.10 of her Second Amended Petition, Mauer's "negligent undertaking claim will not require Defendants to reopen discovery or change the strategy of their defense for this case," where her "negligent undertaking claim does not change the damage model, discovery needs, the parties to the suit, or the injuries that have been pled," where "[t]he claim would not require the submission of any additional evidence as it falls underneath the umbrella of Plaintiff's negligence claim and more specifically addresses Defendants' undertaking of the duty to keep patrons safe from the electric carts that they provide, which has been the central issue to this litigation since inception," and where "Defendants chose to supply the electric carts in the first place, and to undertake the duty to make electric-cart use safe by creating narrowly-crafted policies and procedures that address electric cart safety," such that

"[t]he amended petition does not unduly prejudice the Defendants because no new theories have been pled." *Id.*

The Court cannot agree. Under Texas law, negligence claims and negligent undertaking claims are separate and involve distinct elements, as Wal-Mart lays out. There has been some discovery on Wal-Mart's Standard Operating Procedures, on which Mauer relied in opposing summary judgment on her premises liability claim. But her summary judgment response was focused on premises liability and perhaps her general liability claim, not an unpleaded negligent undertaking claim or theory. And her prior petitions did not plead a negligent undertaking claim either by name or by alleging the facts necessary to plead that distinct claim, as she now proposes to do at this late date. The record does not support a finding that Wal-Mart was on notice of this distinct claim or knew that it should seek whatever discovery it believes that it needs to defend it, and Mauer's assertions to the contrary do not change that.

The Court determines that Mauer has not shown good cause to grant her leave to amend to please the negligent undertaking claim and supporting allegations set forth in Paragraphs 4.10-4.12 and 5.9-5.10 of her Second Amended Petition. But Wal-Mart does not claim that it will be unduly prejudiced by Mauer's amended pleading of general negligence, negligent activity, and gross negligence claims, and the Court determines that Mauer should be granted leave under Rules 15(a)(2) and 16(b)(4) to file her Second Amended Petition as a Second Amended Complaint (as the pleading should now be styled in federal court) with all of the amended allegations other than those in Paragraphs 4.10-4.12 and 5.9-5.10 of her proposed Second Amended Petition

and with the understanding that her claim for premises liability has been dismissed with prejudice and is not revived by this leave to file a second amended complaint.

**Conclusion**

For the reasons and to the extent explained above, the Court GRANTS IN PART and DENIES IN PART Plaintiff Angela Mauer's Amended Motion for Leave to File Amended Petition [Dkt. No. 45] and ORDERS Plaintiff Angela Mauer to file, by **December 18, 2017**, a Second Amended Complaint that includes all of the amended allegations in her proposed her proposed Second Amended Petition [Dkt. No. 45-1] other than those in Paragraphs 4.10-4.12 and 5.9-5.10 and with the understanding that the Court has dismissed her claim for premises liability with prejudice and is not reviving that claim by this order.

To accommodate this additional pleading, the Court extends the deadline for Defendants' leave to file a dispositive motion on Plaintiff's general negligence, negligent activity, and gross negligence claims to **December 29, 2017**, with a response due by **January 19, 2018** and any reply due by **February 2, 2018**. And Defendants Wal-Mart Stores, Inc., Wal-Mart Stores East, Inc., d/b/a Wal-Mart #1055, and Wal-Mart Real Est Business must file an answer to Mauer's Second Amended Complaint by **January 2, 2018.**

SO ORDERED.

DATED: December 15, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE